# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This is a Confidential Settlement Agreement and General Release (hereinafter "Agreement"), by and between Billy-Jo Hebb (hereinafter "Hebb") and Mechanical & Electrical Contractors, Inc. (hereinafter referred to as "MEC").

WHEREAS, Hebb and MEC have engaged in negotiations in an effort to settle all claims and potential claims which have been, or could have been, brought by Hebb against MEC, arising out of Hebb's employment with MEC and the ending of that employment, and all issues raised or which could have been raised in litigation; and

WHEREAS, Hebb and MEC desire to document the terms of their compromise and settlement, with the parties agreeing that MEC admits no wrongdoing, fault, or liability whatsoever, and that nothing herein shall be construed or interpreted as an admission of any wrongdoing, fault or liability of MEC.

NOW, THEREFORE, in consideration of the promises herein contained, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Hebb and MEC, intending to be legally bound hereby, agree as follows:

1. In consideration for Hebb's promises, undertakings and covenants as set forth hereinafter, MEC shall pay to Hebb the sum of Eight Thousand Dollars and no cents ($8,000.00). Of this sum, $2,000.00 shall be attributed to the claim for unpaid wages, and $6,000.00 shall be attributed to the claim for liquidated damages. These payments shall be made in three installments as set forth in the following schedule:

>One Thousand Six Hundred Dollars ($1,600.00) (liquidated damages) to be paid on or before May 15, 2003;

>Three Thousand Two Hundred Dollars ($3,200.00) (liquidated damages) to be paid on or before October 15, 2003; and

>One Thousand Two Hundred Dollars ($1,200.00) (liquidated damages), to be paid on or before April 15, 2004.

>Two Thousand Dollars ($2,000.00) (wages), less all lawful deductions, to be paid on or before April 15, 2004.

Should MEC fail to make full and timely payment of any installment in accordance with this schedule, all unpaid installments shall become due immediately.

2. In further consideration for Hebb's promises, undertakings and covenants as set forth hereinafter, MEC shall Hebb's attorneys, Zipin, Melehy & Driscoll LLC, on Hebb's behalf and with Hebb's consent, the sum of Twelve Thousand Dollars and no cents ($12,000.00). These payments shall be made in three installments, as set forth in the following schedule:

>Two Thousand Four Hundred Dollars ($2,400.00) to be paid on or before May 15, 2003;

this Agreement, Hebb agrees not to communicate any adverse or derogatory information regarding MEC or any of its employees, officers, or agents to any third party.

8. By entering into this Agreement, Hebb acknowledges that he has returned to MEC any and all property of MEC, including any files or documents prepared for or by MEC, and any company equipment.

9. In consideration for the above, Hebb agrees to and hereby does, for himself and for each of his heirs, representatives, executors, administrators and assigns, forever and irrevocably fully release and discharge MEC and its respective officers, directors, employees, agents, predecessors, successors, purchasers, assigns, benefit plans and representatives, of and from any and all grievances, liens, suits, judgments, claims, demands, debts, defenses, actions or causes of action, obligations, damages, and liabilities whatsoever which he now has, has had, or may have, whether the same be known or unknown, at law, in equity, or mixed, in any way arising out of or relating in any way to any matter, act, occurrence, or transaction on or before the date of this Agreement, including but not limited to his employment with MEC, his separation therefrom, and all issues raised or which could have been raised in the aforementioned litigation. **This is a General Release.** Hebb expressly acknowledges that this General Release includes, but is not limited to, his release of any tort and contract claims, arbitration claims, claims under any local, state or federal law, wage and hour law, wage collection law or labor relations law, and any claims of discrimination on the basis of age, race, sex, religion, disability, national origin, ancestry, citizenship, retaliation or any other claim under the Civil Rights Acts of 1964, as amended, the Americans With Disabilities Act, the Rehabilitation Act of 1973, the Family and Medical Leave Act, the Fair Labor Standards Act, the Age Discrimination in Employment Act, as amended, Maryland General Law, and any other claims under any law prohibiting employment discrimination or relating to employment. By signing this agreement, Hebb admits that he has suffered no injuries or occupational diseases relating to or arising out of his employment with MEC.

10. Hebb represents and warrants that no person had or has or claims any interest in the claims referred to in paragraph 8 above; that he has the sole right and exclusive authority to execute this Agreement; and that he has the sole right to receive the consideration paid therefor.

11. Hebb represents and acknowledges that in executing this Agreement, he does not rely, and has not relied, upon any representation not set forth herein, made by MEC or any of MEC's employees, agents, or attorneys with regard to the subject matter, basis or fact of this Agreement or otherwise.

12. This Agreement shall not be construed as an admission of liability by MEC, as an admission of any violation of any federal, state, or local statute, regulation, or ordinance, as an admission of breach of any contract, duty or obligation owed by MEC to Hebb, or as an admission that Hebb is the prevailing party in any litigation. Hebb agrees that he shall not be regarded as the prevailing party for any purpose, including, but not limited to, determining responsibility for or entitlement to attorneys' fees, under any statute or otherwise.

13. This Agreement shall in all respects be interpreted, enforced, and governed under the laws of the State of Maryland. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

14. The Parties agree that this Agreement shall be binding upon and inure to the benefit of the assigns, heirs, executors, and administrators of Hebb and shall inure to the benefit of the officers, directors, employees, agents, parents, affiliates, predecessors, successors, purchasers, assigns, and representatives of MEC.

15. The parties agree that this Agreement contains the entire agreement and understanding of the parties, that there are no additional promises or terms among the parties other than those specified in this paragraph, and that this Agreement shall not be modified, waived or amended except in writing signed by each of the parties or their attorneys.

16. Should any valid federal or state law or final determination of any administrative agency or court of competent jurisdiction affect any provision of this Agreement, the provision or provisions so affected shall be automatically conformed to the law or determination and otherwise this Agreement shall continue in full force and effect. Such a ruling shall not affect the validity or enforceability of any other provision of this Agreement.

17. Hebb acknowledges that he had the opportunity to consult with counsel before executing this Agreement, that the terms and conditions of which were fully explained to him by United Stated Magistrate Judge Susan E. Gauvey and his counsel, are fully understood by him, that he fully understands the terms and conditions of this Agreement, and that he enters into this Agreement freely and voluntarily.

18. The Parties expressly agree that a breach by either Party of any of the promises and covenants contained in this Agreement, shall be considered a material breach of the terms of this Agreement, and shall entitle the non-breaching Party to recover from the breaching Party any monies paid, as well as any and all remedies available at law, as well as costs and reasonable attorneys' fees incurred in enforcing this Agreement.

19. The effective date of this Agreement shall be April 15, 2003.

**PLEASE READ THIS AGREEMENT CAREFULLY. IT CONTAINS A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. HEBB ACKNOWLEDGES THAT HE HAS READ THIS AGREEMENT, UNDERSTANDS IT AND THAT HE VOLUNTARILY AND KNOWINGLY ENTERS INTO IT.**

_____   _____
Billy-Jo Hebb                                                Date

- 5 -

The undersigned hereby certifies that the above-named person appeared before me personally, signed this document, and verified that this document was being signed freely and voluntarily, with full knowledge of its effect.

_____
Notary Public
My Commission Expires:_____


Mechanical & Electrical Contractors, Inc.


By:_____     _____
                                                                                  Date