IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BILLY-JO HEBB | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: CCB-02-2700 |
| MECHANICAL & ELECTRICAL CONTRACTORS, INC. | * | |
| | * | |
| Defendant | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFF'S MOTION TO REOPEN ACTION AND ENFORCE SETTLEMENT
AGREEMENT, OR, IN THE ALTERNATIVE, TO STRIKE SETTLEMENT
AGREEMENT AND REINSTATE DEFAULT JUDGMENT**

Plaintiff Billy-Jo Hebb, by and through his attorneys, Philip B. Zipin and Neil R. Lebowitz, and pursuant to Fed. R. Civ. P. 60(b), hereby moves this Honorable Court to reopen the above-captioned case and enforce the parties' April 15, 2003 settlement agreement, or, in the alternative, to strike the agreement and reinstate the default judgment and attorney's fees award previously entered in Plaintiff's favor, and, in support thereof, states as follows:

1.    The parties herein reached a settlement in this case on April 15, 2003. Under the terms of the settlement, Defendant is obligated to pay Plaintiff the sum of $8,000 in damages and an additional $12,000 to cover his attorney's fees.  These amounts are to be paid in accordance with a fixed payout schedule spanning the course of one full year, with the first payments of $1,600 in damages and $2,400 in attorney's fees due on or before May 15, 2003.

2.      Significantly, if Defendant fails to make a timely payment of any installment due under this schedule, then all unpaid installments become immediately due and owing.  The agreement also provides for the recovery of attorney's fees in the event that either party is required to seek the Court's assistance to enforce its terms.[1]

3.      The parties' April 15, 2003 settlement agreement concluded several weeks of strenuous negotiations that included participation in not one, but two lengthy settlement conferences with Magistrate Judge Gauvey.

4.      One of the main "sticking points" throughout these negotiations was whether Plaintiff would agree to the dismissal of his case, which was obviously something strongly desired by Defendant.  In the case, Plaintiff had obtained a default judgment in the amount of $34,218 on November 18, 2002 as well as an award of attorney's fees in the amount of $10,702 on January 3, 2003.  Plaintiff wanted the case to remain open so that, in the event Defendant failed to pay under a settlement agreement, he could seek to collect on the judgment and attorney's fees award.

5.      Plaintiff was quite suspicious of Defendant and strongly suspected that the company would never pay for several reasons.  First of all, Plaintiff had sued Defendant in this very case due to its failure to pay him proper wages.  Moreover, Plaintiff learned during the course of the settlement negotiations that Defendant was also being sued by a financial institution for failing to pay on a loan.  *See* Complaint, attached hereto as

---

[1]  All of the terms and conditions of the parties' settlement agreement have been memorialized in a proposed "Confidential Settlement Agreement and General Release," which was drafted by Defendant's counsel. *See* Agreement, attached hereto as "Exhibit A."

"Exhibit B." Finally, Defendant repeatedly pled poverty throughout the course of the negotiations, which made Plaintiff wary about Defendant's financial stability.[2]

6.      However, after many hours of negotiating, Plaintiff ultimately chose to rely in good faith on Defendant's legally binding promise that it would, in fact, make all of the scheduled payments, and he agreed to dismiss his case.

7.      On Thursday, May 15, 2003, Defendant did not make its first scheduled payment in accordance with the settlement agreement, thereby activating the acceleration clause and making the full $20,000 immediately due and owing.

8.      On Tuesday, May 20, 2003, Plaintiff's counsel sent a letter by fax and mail to Defendant's counsel demanding payment of the first installment of $4,000 by Friday, May 23, 2003.  *See* May 20, 2003 Letter, attached hereto as "Exhibit C."  Defendant's counsel has never responded to this letter and no payment has been received.

9.      Plaintiff now comes before this Court seeking to reopen the case and enforce the parties' April 15, 2003 settlement agreement.

10.     In the alternative, Plaintiff maintains that Defendant knew at the time the settlement agreement was reached that it would never pay Plaintiff under the agreement, which constitutes a fraud on both Plaintiff and this Honorable Court sufficient to warrant the reinstatement of Plaintiff's default judgment and attorney's fees award.  *See* Fed. R. Civ. P. 60(b).

---

[2]  It was these very pleas that resulted in the extenuated payout plan, which Defendant maintained was the only way it could possibly afford to settle the case.

WHEREFORE, Plaintiff Billy-Jo Hebb hereby respectfully requests that this Honorable Court:

A.     Reopen the above-captioned case and compel Defendant to immediately pay the full $20,000 owed under the parties' settlement agreement;

B.     In the alternative, strike the settlement agreement and compel Defendant to immediately pay the $34,218 owed under the November 18, 2003 default judgment and the $10,702 owed under the January 3, 2003 attorney's fees award;

C.     Award him all attorney's fees and costs incurred as a result of having to compel the payment of moneys due and owing to him by Defendant;

D.     And for all other and further relief that the nature of this cause may require.

Respectfully submitted,

_____
Philip B. Zipin, Bar No.: 03932
Neil R. Lebowitz, Bar No.: 25155
Zipin, Melehy & Driscoll LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
301-587-6364
Counsel for Plaintiff